ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT 24 P 2: 04

CLERK_____
SO. DIST. OF GA.

CALVIN RANDLE, )
)
    Plaintiff, )
)
v. ) CV 106-085
)
JAMES DONALD, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("A.S.M.P.") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald ("Donald"), Commissioner of the Georgia Department of Corrections, (2) Ron Whiterkar ("Warden Whiterkar"), the Warden of Care and Treatment at A.S.M.P., (3) FNU Tinker ("Nurse Tinker"), a nurse at A.S.M.P.,

(4) FNU Brock ("Nurse Brock"), a dialysis nurse at A.S.M.P., (5) FNU Lowe ("Nurse Lowe"), a nurse at A.S.M.P., (6) FNU Doe, a dialysis center medical provider, (7) FNU Monday ("Dr. Monday"), a doctor at A.S.M.P, and (8) FNU Nichols ("Dr. Nichols"), a doctor at A.S.M.P. (Doc. no. 1, pp. 1, 4, 7).

Plaintiff complained to Nurses Tinker, Brock, and Lowe that he was feeling pain and discomfort in his right arm during his regularly scheduled dialysis treatments, but his complaints were ignored. (Id. at 6). During this time period Plaintiff claims that his condition was visibly noticeable because his hand was becoming discolored due to the lack of blood circulation. His hand was also stiff such that he could not make a fist. (Id. at 6-7).

Plaintiff complained to Counselor Smalls and attempted to file a grievance regarding his condition. Counselor Smalls would not accept his grievance stating that his condition was non-grievable.[1] (Id. at 7). He then brought his complaint to Warden Whiterkar, however, his request for treatment was again ignored. (Id.). Plaintiff put in for "sick call" to Drs. Monday and Nichols, but no medical care was given to relieve his suffering or remedy his worsening condition. (Id. at 8).

In August 2005, Plaintiff underwent surgery to remove a blood clot which was blocking the access necessary to administer dialysis treatment. (Id. at 9). After examining Plaintiff following his continued complaints regarding pain and numbness in his arm, Dr.

---

[1] Plaintiff has arguably set forth facts which indicate that the administrative process was unavailable, and therefore, at this early stage of the case, the Court will presume that these allegations are sufficient to satisfy the exhaustion requirement in 42 U.S.C. § 1997e(a). See Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmates may rely upon statements made by those charged with ensuring that the grievance procedures were complied with properly).

Monday preformed a second operation on the blood clot. (Id.). This operation, however, only made matters worse, leaving the arm and hand numb and throbbing with pain.

Finally, on March 17, 2006, Petitioner's condition had digressed such that he was forced to undergo an operation to remove a finger on his right hand. Following this operation his hand was rendered permanently stiff and has no prospect for future use. (Id.). Plaintiff blames Defendants for his present condition alleging that he would still have full use of his hand if they were not deliberately indifferent to his continued requests for medical attention.

## II. DISCUSSION

Plaintiff's claim against Defendant Donald fails as a matter of law. Plaintiff blames Donald for the acts of his subordinates, without alleging any personal involvement in his medical care. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted, Plaintiff has not alleged that this Defendant actually participated in his medical care. On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long

3

as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. 1988). Here, Plaintiff has proffered no reason to suppose that this Defendant was even aware of a deficiency in his medical treatment, much less that he was deliberately indifferent to his medical needs.

Similarly, Plaintiff fails to allege a "causal connection" between this Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that this Defendant knew about any widespread abuse or that he was

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's problems with his right arm. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Donald.

Plaintiff's claim against FNU Doe, a dialysis center medical provider, also fails as a matter of law. As FNU Doe is not mentioned anywhere in the statement of claim, Plaintiff has not set forth any allegations which indicate that his rights were violated by this Defendant. Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendant FNU Doe.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Donald and FNU Doe be **DISMISSED**.[3]

SO REPORTED and RECOMMENDED this 24th day of October, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] By separate Order, the Court has directed that service of process be effected on Warden Whiterkar, Nurse Tinker, Nurse Brock, Nurse Lowe, Dr. Monday, and Dr. Nichols based on Plaintiff's allegations of deliberate indifference to a serious medical need.