IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CALVIN RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-085 |
| | ) | |
| FNU TINKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate at Augusta State Medical Prison located in Grovetown, Georgia, when this case commenced, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. Defendants Lowe, Nichols, Tinker, Brock, and Whitaker filed a motion to dismiss (doc. no. 16), which the Court later converted to a motion for summary judgment (doc. no. 22). Plaintiff failed to file a response.

Subsequently, Defendant Monday filed a motion to dismiss, which specifically adopted and incorporated by reference the aforementioned motion to dismiss filed by the other Defendants that had been converted to a motion for summary judgment. (Doc. no. 24). Likewise, the Court converted Defendant Monday's motion to dismiss to a motion for summary judgment. (Doc. no. 26). Accordingly, the Court instructed the Clerk to issue a notice of conversion and the requirements attendant to a motion for summary judgment. (Id. at 1). Furthermore, the Court ordered Plaintiff to file, within twenty (20) days, any opposition to Defendants' motions for summary judgment. (Id. at 1 & 4).

However, on May 23, 2007, Plaintiff's service copy of the Court's May 14th Order and the Clerk's Summary Judgment Notice were returned as undeliverable because Plaintiff was released. In the Court's August 14th Order, Plaintiff was cautioned that failure to immediately inform the Court of any change of address would result in dismissal of this case. (Doc. no. 3, p. 4). Despite that warning, Plaintiff has failed to notify the Court of his change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). In this case, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local

Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Moreover, the Court is not permanently barring Plaintiff from bringing a meritorious claim. Nevertheless, the Court is recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of June, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3